**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-1187-WJM-GPG

NATIONAL SURETY CORPORATION,

    Plaintiff,

v.

BETH S. BOZEMAN, Trustee of the Bear Claw Qualified Personal Residence Trust,
and
TRACY DENISE BOZEMAN, an individual,

    Defendants.

## ORDER GRANTING AMENDED MOTION TO INTERVENE

    Plaintiff National Surety Corporation sues Defendants Beth S. Bozeman and Tracy Denise Bozeman for negligence and breach of contract following a fire that occurred on July 17, 2018 in a condominium unit in Steamboat Springs, Colorado. (ECF No. 26.)  National Surety alleges that Defendants were negligent in their installation and oversight of a clothes dryer in the unit that caused the fire.  (*Id.*)

    This insurance dispute is before the Court on Putative Intervenor State Farm Fire & Casualty Company's Amended Motion to Intervene (the "Motion"), which is unopposed.  (ECF No. 41.)  State Farm insured a unit two stories below the unit in which the fire started and paid damages in the same fire as the one that is the subject of the main action.  (*Id.* at 1.)  Although the Motion is unopposed, the Court nonetheless examines it on its merits to ensure that the proposed intervenor will materially contribute to, not distract from, this dispute.

Federal Rule of Civil Procedure 24(a)(2) provides that, on timely motion, the Court must permit intervention as of right to anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." The Tenth Circuit has "construed the plain language of this rule to mean that a nonparty seeking to intervene as of right must establish (1) timeliness, (2) an interest relating to the property or transaction that is the subject of the action, (3) the potential impairment of that interest, and (4) inadequate representation by existing parties." *Barnes v. Sec. Life of Denver Ins. Co.*, 945 F.3d 1112, 1121 (10th Cir. 2019) (internal quotation marks omitted).

***Timeliness***.  State Farm moved to intervene before the Case Management Conference, in which it participated.[1]  State Farm represents that, should the Court grant the Motion, it would not affect any of the deadlines set, and given that trial has not been set, no delay is contemplated.  (ECF No. 41 at 4.)  The Court finds the Motion is timely.

***Interest and Impairment***.  Like National Surety, State Farm intends to allege negligence against Defendants in their installation or supervision of a clothes dryer in a building in Steamboat Springs.  (*Id.* at 5.)  State Farm insured an owner in a unit in that building and alleges that the same fire damaged its insured's property.  Thus, State

---

[1] The Court notes that State Farm filed an unopposed motion to intervene on July 14, 2020.  (ECF No. 31.)  On October 27, 2020, the Court denied that motion without prejudice for failure to establish the requisite factors under *Barnes*.  (ECF No. 40.)  State Farm filed the Motion that same day.  (ECF No. 41.)

Farm's interests are related to the transaction at issue in this case.

State Farm argues that, should the Court not permit it to intervene, a final verdict here would be final as to State Farm. Further, the statute of limitations has arguably run on the claim, making it imperative that State Farm participate in this action and not wait for a favorable finding against Defendants.

The Court finds that State Farm has stated an adequate interest and a potential impairment of it, depending on the outcome of this case.

***Adequacy of Current Representation***. The Tenth Circuit has characterized a proposed intervenor's burden on this element

> as "minimal." "The possibility of divergence need not be great in order to satisfy th[is] burden." "An intervenor need only show the *possibility* of inadequate representation." Only "when the objective of the applicant for intervention is identical to that of one of the parties" is representation considered to be adequate.

*Barnes*, 945 F.3d at 1124 (citations omitted; emphasis and alternations in original).

Here, State Farm notes that National Surety has incurred different damages in connection with a different party than relevant to State Farm. Thus, State Farm must establish its own damages and cannot rely on National Surety to do so, as National Surety has no incentive to protect State Farm's interests.

The Court finds this sufficient to show a possibility of inadequate representation.

Accordingly, for the reasons set forth above, the Court ORDERS as follows:

1. Putative Intervenor State Farm Fire & Casualty Company's Amended Motion to Intervene (ECF No. 41) is GRANTED; and

2. The parties and the Clerk of Court shall adopt the following caption going forward:

NATIONAL SURETY CORPORATION,

Plaintiff, and

STATE FARM FIRE & CASUALTY COMPANY,

Intervenor-Plaintiff,

v.

BETH S. BOZEMAN, Trustee of the Bear Claw Qualified Personal Residence Trust, and
TRACY DENISE BOZEMAN, an individual,

Defendants.

Dated this 2nd day of November, 2020.

BY THE COURT:

_____
William J. Martínez
United States District Judge