IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 20-cv-1187-WJM-GPG

NATIONAL SURETY CORPORATION,

    Plaintiff,

STATE FARM FIRE & CASUALTY COMPANY,

    Intervenor-Plaintiff,

v.

BETH S. BOZEMAN, TRUSTEE OF THE BEAR CLAW QUALIFIED PERSONAL RESIDENCE TRUST,

    Defendant.

---

### ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT

---

This insurance dispute is before the Court on Plaintiff National Surety Corporation's Motion for Leave to File Second Amended Complaint ("Motion"). (ECF No. 86.) Defendant Beth S. Bozeman, Trustee of the Bear Claw Qualified Personal Residence Trust ("Bozeman"), filed a response in opposition (ECF No. 88), and Plaintiff replied (ECF No. 89). For the following reasons, the Motion is denied.

### I. PROCEDURAL HISTORY

On June 26, 2020, Plaintiff filed the Amended Complaint, naming as defendants Beth S. Bozeman, Trustee of the Bear Claw Qualified Personal Residence Trust, and Tracy C. Bozeman, an individual. (ECF No. 26.) The Scheduling Order in this case provides that the deadline to amend the pleadings was July 1, 2020. (ECF No. 38.)

On August 20, 2021, counsel for Bozeman notified the Court under Federal Rule of Civil Procedure 25(a) that Beth Bozeman died on July 27, 2021.  (ECF No. 70.)  On October 12, 2021, the Court dismissed Defendant Tracy C. Bozeman from the case with prejudice. (ECF No. 76.)  That same day, Plaintiff moved to replace Defendant Beth S. Bozeman, Trustee, with: (1) Brett A. Bozeman as successor trustee, and (2) Beth S. Bozeman, individually, by and through the personal representative and/or the Estate of Beth S. Bozeman.  (ECF No. 77 at 1.)  While counsel for Bozeman did not object to the substitution of Brett A. Bozeman as successor trustee, counsel did object to the substitution of Beth S. Bozeman, individually, by and through the personal representative and/or her estate.  (*Id.*)

In his December 15, 2021 Order Granting In Part And Denying In Part Plaintiff National Surety Corporation's Motion for Substitution of Parties, United States Magistrate Judge Gordon P. Gallagher granted Plaintiff's request to substitute Brett A. Bozeman as successor trustee of the Bear Claw Qualified Personal Residence Trust for Defendant Beth S. Bozeman.  (ECF No. 84 at 4.)  However, Judge Gallagher observed that "based upon the caption and claims in the Amended Complaint, this Court is not entirely convinced that Plaintiff National Surety's Amended Complaint brought claims against Ms. Bozeman both individually and in her capacity as trustee."  (*Id.*)  Accordingly, Judge Gallagher denied that portion of Plaintiff's request and permitted Plaintiff to raise the issue in a motion to amend the complaint.  (*Id.*)  That Motion is now before this Court.

## II. LEGAL STANDARD

When a motion to amend the pleadings is filed after the deadline set in the

2

Scheduling Order has passed, the Court should employ a two-step analysis, first determining whether the movant has shown good cause to modify the Scheduling Order under Federal Rule of Civil Procedure 16(b)(4), and second, evaluating whether the movant has satisfied the standard for amendment of pleadings under Federal Rule of Civil Procedure 15(a).  *Gorsuch, Ltd. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014).  A trial court's refusal to modify a scheduling order is reviewed for abuse of discretion.  *Id.*

This two-step analysis has been explained as follows:

> Rule 16(b)(4)'s good cause standard is much different than the more lenient standard contained in Rule 15(a).  Rule 16(b)(4) does not focus on the bad faith of the movant, or the prejudice to the opposing party.  Rather, it focuses on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment.  Properly construed, good cause means that the scheduling deadlines cannot be met despite a party's diligent efforts.  In other words, this Court may "modify the schedule on a showing of good cause if the deadline cannot be met despite the diligence of the party seeking the extension."

*Pumpco, Inc. v. Schenker Int'l Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001) (citations and alterations omitted); *see also Carbajal v. St. Anthony Cent. Hosp.*, 2015 WL 1499864, at *4 (D. Colo. March 27, 2015) (internal citations omitted) (citing same passage from *Pumpco*).  If the movant fails to show good cause under Rule 16(b)(4), there is no need for the Court to move on to the second step of the analysis, *i.e.*, whether the movant has satisfied the requirements of Rule 15(a).  *Carbajal*, 2015 WL 1499864, at *4–5 (internal citations omitted).

Good cause under Rule 16 means that the moving party must "show that it [was] diligent in attempting to meet the [pleading amendment] deadline, which means it must

3

provide an adequate explanation for any delay." *Id.*, at *5 (citing *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1205 n.4 (10th Cir. 2006)).  While it is true that rigid adherence to the pretrial scheduling order is not advisable, *see SIL-FLO, Inc. v. SFHC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990), compliance with the pleading amendment deadline is particularly important in circumstances where the amendment can completely change the complexion of the case.

Rule 15(a) provides that leave to amend should be freely give "when justice so requires," and under Tenth Circuit law leave to amend should only be denied upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Wilkerson v. Shinseki*, 606 F.3d 1256, 1267 (10th Cir. 2010).

### III. ANALYSIS

First, the Court addresses Plaintiff's arguments regarding whether good cause exists under Rule 16.  Plaintiff argues that "this case has involved an unusual circumstance" of Bozeman dying on July 27, 2021.  (ECF No. 86 at 9.)  According to Plaintiff, this "factual circumstance necessitated Plaintiff to request that the Court substitute (1) Brett A. Bozeman as successor trustee[,] and (2) Beth S. Bozeman, individually, by and through the personal representative and/or the Estate of Beth S. Bozeman, as parties in order to continue with the existing claims from the Amended Complaint."  (*Id.*)  Further, Plaintiff states that "[d]ue to the passing of Beth S. Bozeman, the claims against Defendant Beth Bozeman involved in this case from the beginning have had to be redirected to (1) Brett A. Bozeman as successor trustee[,] and (2) Beth S. Bozeman, individually, by and through the personal representative and/or the Estate

of Beth S. Bozeman, in order for Plaintiff to continue to assert its rights with respect to the acts and omissions of Beth S. Bozeman." (*Id.* at 10.)

While Plaintiff's contentions explain why it did not file the Motion until January 5, 2022, Plaintiff's arguments assume that it was clear to all parties that it was proceeding against Bozeman individually since the filing of the Amended Complaint. The Court, however, is not convinced that is the case.

Plaintiff correctly states that the Federal Rules of Civil Procedure do not require a party to plead the capacity in which a party is participating in an action. (ECF No. 86 at 3.) As one District of Colorado opinion states:

> According to Fed. R. Civ. P. 9(a) it is unnecessary to plead the capacity in which a party is participating in an action. *See Parker v. Graves*, 479 F.2d 335 (5th Cir. 1973); *Berghane v. Radio Corp. of America*, 6 F.R.D. 561 (D.C. Del. 1947) (plaintiff in action for patent infringement need not allege that she was the plaintiff "for the use of" or "benefit of" others). The rationale behind this rule is that the nature of the plaintiff's cause of action can be determined from the body of the complaint. Therefore, there is no need for a formal allegation of capacity. *Parker v. Graves*, 479 F.2d 335 (5th Cir. 1973); Fed. Proc., Lawyers Edition ¶ 62:119 (1981); 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil § 1292 (1969).

*Colorado Springs Cablevision, Inc. v. Lively*, 579 F. Supp. 252, 255 (D. Colo. 1984).

Here, while Plaintiff acknowledges that the Court must review the "body of the complaint" to understand the nature of its cause of action against Bozeman, Plaintiff fails to point to allegations in the Amended Complaint that support its argument. (ECF No. 86 at 3.) Instead, Plaintiff states that Bozeman's responses to written discovery, her deposition, her Motion for Summary Judgment, and her disclosures (including applicable insurance policies that name her individually as the insured) demonstrate

5

that she has "proceeded in this case in a manner indicating an understanding that the claims were always against her both individually and in her capacity as trustee of the Bear Claw Qualified Personal Residence Trust." (*Id.*) Unfortunately for Plaintiff, none of these assertions, nor this conclusion, are actually contained in the Amended Complaint. Rather, they require the Court to infer what Bozeman was thinking and how she was defending her case based on Plaintiff's handpicked examples. The Court declines to do so.

As Bozeman points out in her response, Plaintiff has been aware of its possible claims against her individually since the inception of this case. (ECF No. 88 at 1–11.) Given that knowledge, Plaintiff could have sought leave to amend the complaint much earlier than it did—particularly when it now employs the dubious characterization of merely "clarifying" its claims in this case, rather than seeking to add parties and claims. In other words, to the extent Plaintiff now recognizes its pleading tactics were unclear and required clarification following Bozeman's death, Plaintiff should have diligently remedied any potential lack of clarity within the time allowed under the Scheduling Order.

Under Rule 16, the Court must focus on the diligence of the party seeking leave to modify the scheduling order to permit the proposed amendment. Here, the deadline to amend the pleadings was July 1, 2020. Under the circumstances of this case, the Court cannot find that by waiting over fifteen months to file its motion to substitute party, Plaintiff demonstrated diligence in its litigation of this case.[1] Therefore, the Court finds

---

[1] While not determinative of the Court's analysis of Rule 16, the Court also observes that the Suggestion of Death of Beth Bozeman was filed on the docket on August 20, 2021. (ECF No. 70.) Plaintiff waited almost two months to file its motion for substitution, which was filed on October 12, 2021. (ECF No. 77.) In the Court's view, this delay also does not demonstrate the

that Plaintiff has failed to demonstrate good cause to modify the Amended Complaint under Rule 16.

Even assuming that Plaintiff has satisfied Rule 16, which the Court has found it has not, the Court finds that under Rule 15(a), Bozeman would be unduly prejudiced by the proposed amendment. Bozeman disputes that Plaintiff has sued her in her individual capacity from the inception of this case. (*See generally* ECF No. 88.) She argues that "bringing claims against Beth Bozeman individually at this late stage is prejudicial to defending on the merits because Ms. Bozeman has passed away and only her estate remains." (*Id.* at 13.) Indeed, Bozeman emphasizes that "[s]he is not available to defend the claims against her personally and discovery and depositions that have been performed (despite Plaintiff's assertion) was not conducted with claims against her individually in mind." (*Id.*) Additionally, Bozeman argues that "claims against her individually go against the very purpose of the trust that was set up to hold the property and have any claims related to the ownership of the unit against her in her capacity as trustee." (*Id.* at 13–14.)

The Court agrees with Bozeman and finds it would be unduly prejudicial to permit Plaintiff to sue Beth S. Bozeman, individually, by and through the personal representative and/or the Estate of Beth S. Bozeman, at this late juncture of the case. Despite Plaintiff's arguments, it is far from clear from the Amended Complaint that Plaintiff sued Bozeman as an individual while she was alive and defending this case. Now that Bozeman is deceased, the Court agrees it would be unduly prejudicial to require her estate to defend claims against her individually when that is not how she

---

requisite diligence.

7

defended the case thus far. Accordingly, the Court finds that Plaintiff has also failed to satisfy Rule 15(a), and therefore, the Court denies Plaintiff's Motion.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff National Surety Corporation's Motion for Leave to File Second Amended Complaint (ECF No. 86) is DENIED.

The Clerk is DIRECTED to update the parties on the docket in accordance with the Order Granting In Part And Denying In Part Plaintiff National Surety Corporation's Motion for Substitution of Parties (ECF No. 84).

Dated this 15th day of February, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge