**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Judge William J. Martínez**

Civil Action No. 20-cv-1187-WJM-GPG

NATIONAL SURETY CORPORATION,

      Plaintiff, and

STATE FARM FIRE & CASUALTY COMPANY,

      Intervenor-Plaintiff,

v.

BRETT A. BOZEMAN, Successor Trustee of the Bear Claw Qualified Personal
Residence Trust,

      Defendant.

---

**ORDER DENYING PLAINTIFF NATIONAL SURETY CORPORATION'S  MOTION**
**FOR RELIEF FROM THE COURT'S ORDER DENYING PLAINTIFF'S**
**MOTION FOR LEAVE TO FILE SECOND AMENDED COMPLAINT**

---

Before the Court is Plaintiff National Surety Corporation's Motion for Relief from

the Court's Order Denying Plaintiff's Motion for Leave to File Second Amended

Complaint ("Motion for Reconsideration") (ECF No. 91), which asks this Court to

reconsider its February 15, 2022 order ("Prior Order") (ECF No. 90) denying Plaintiff's

Motion for Leave to File Second Amended Complaint ("Motion to Amend") (ECF No.

86).

**I. BACKGROUND**

On June 26, 2020, Plaintiff filed the Amended Complaint, naming as defendants

Beth S. Bozeman, Trustee of the Bear Claw Qualified Personal Residence Trust, and

Tracy C. Bozeman, an individual.  (ECF No. 26.)  The Scheduling Order in this case

provides that the deadline to amend the pleadings was July 1, 2020.  (ECF No. 38.)

On August 20, 2021, counsel for Bozeman notified the Court under Federal Rule of Civil Procedure 25(a) that Beth S. Bozeman died on July 27, 2021.  (ECF No. 70.) On October 12, 2021, the Court dismissed Defendant Tracy C. Bozeman from the case with prejudice.  (ECF No. 76.)  That same day, Plaintiff moved to replace Defendant Beth S. Bozeman, Trustee, with: (1) Brett A. Bozeman, as successor trustee, and (2) Beth S. Bozeman, individually, by and through the personal representative and/or the Estate of Beth S. Bozeman.  (ECF No. 77 at 1.)  While counsel for Bozeman did not object to the substitution of Brett A. Bozeman as successor trustee, counsel did object to the substitution of Beth S. Bozeman, individually, by and through the personal representative and/or her estate.  (*Id.*)

In his December 15, 2021 Order Granting In Part And Denying In Part Plaintiff National Surety Corporation's Motion for Substitution of Parties, United States Magistrate Judge Gordon P. Gallagher granted Plaintiff's request to substitute Brett A. Bozeman as successor trustee of the Bear Claw Qualified Personal Residence Trust for Defendant Beth S. Bozeman.  (ECF No. 84 at 4.)  However, Judge Gallagher observed that "based upon the caption and claims in the Amended Complaint, this Court is not entirely convinced that Plaintiff National Surety's Amended Complaint brought claims against Ms. Bozeman both individually and in her capacity as trustee."  (*Id.*) Accordingly, Judge Gallagher denied that portion of Plaintiff's request and permitted Plaintiff to raise the issue in a motion to amend the complaint.  (*Id.*)

Shortly thereafter, Plaintiff filed its Motion to Amend, in which it asked for leave to file a Second Amended Complaint adding claims against Beth S. Bozeman in her

individual capacity.  (ECF No. 86.)  Defendant Beth S. Bozeman, Trustee of the Bear
Claw Qualified Personal Residence Trust, filed a response in opposition (ECF No. 88),
and Plaintiff replied (ECF No. 89).  On February 15, 2022, the Court denied Plaintiff's
Motion to Amend.  (ECF No. 90.)

On March 4, 2022, Plaintiff filed the Motion for Reconsideration that is now
before the Court.  (ECF No. 91.)  On March 9, 2022, Defendant Brett A. Bozeman,
Successor Trustee of the Bear Claw Qualified Personal Residence Trust, filed a
response.  (ECF No. 93.)

## II. LEGAL STANDARD

The Federal Rules of Civil Procedure do not specifically provide for motions for
reconsideration.  *See Hatfield v. Bd. of Cnty. Comm'rs for Converse Cnty.*, 52 F.3d 858,
861 (10th Cir. 1995).  Instead, motions for reconsideration fall within a court's plenary
power to revisit and amend interlocutory orders as justice requires.  *See Paramount
Pictures Corp. v. Thompson Theatres, Inc.*, 621 F.2d 1088, 1090 (10th Cir. 1980) (citing
Fed. R. Civ. P. 54(b)); *see also Houston Fearless Corp. v. Teter*, 313 F.2d 92, 92 (10th
Cir. 1962).

"Notwithstanding the district court's broad discretion to alter its interlocutory
orders, the motion to reconsider is not at the disposal of parties who want to rehash old
arguments."  *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp. 2d
1250, 1256 (D. Colo. 2000) (quotations omitted).  Furthermore, motions to reconsider
are generally an inappropriate vehicle to advance "new arguments, or supporting facts
which were available at the time of the original motion."  *Servants of the Paraclete v.
Does*, 204 F.3d 1005, 1012 (10th Cir. 2000).  Rather, "[a] motion to reconsider should

be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Nat'l Bus. Brokers, Ltd.*, 115 F. Supp. 2d at 1256.

### III. ANALYSIS

The Court presumes familiarity with the Prior Order and relevant preceding briefing.  (*See* ECF Nos. 86, 88, 89, 90.)

In its Motion for Reconsideration, Plaintiff asserts that it "believes the [Prior] Order to be in error."  (ECF No. 91 at 2.)  But Plaintiff's substantive arguments do not "demonstrate[ ] [a] manifest error of law or fact or present[ ] newly discovered evidence." *Nat'l Bus. Brokers*, 115 F. Supp. 2d at 1256.  Nor does Plaintiff argue that there has been an intervening change in the controlling law.  Instead, the Plaintiff restates the same arguments that it made in its Motion to Amend.  (ECF No. 86.)

In the Prior Order denying Plaintiff's Motion to Amend, the Court found that: (1) Plaintiff's operative complaint (ECF No. 26) did not allege claims against Beth S. Bozeman in her individual capacity (ECF No. 90 at 5–6); (2) Plaintiff did not have good cause to add such claims because Plaintiff was aware of the possible claims at the inception of the case but moved to amend its complaint fifteen months after the deadline to amend had passed (*id.* at 6); and (3) allowing Plaintiff to amend its complaint at this late stage in the litigation would greatly prejudice the defendant (*id.* at 7).  Based on these findings, the Court denied Plaintiff's Motion to Amend.  (*Id.* at 8.)

In its Motion for Reconsideration, Plaintiff's primary argument is that its operative complaint (ECF No. 26) adequately alleged claims against Beth S. Bozeman in her individual capacity.  (ECF No. 91 at 4–8, 10.)  However, these arguments were already made in the Motion to Amend, and Plaintiff is using its Motion for Reconsideration to

"rehash old arguments." *Nat'l Bus. Brokers, Ltd.*, 115 F. Supp. 2d at 1256.  Further, Plaintiff cites no relevant caselaw to support its argument.  (*See* ECF No. 91 at 4–8, 10.)[1]  Additionally, the Court's reasoning in the Prior Order is similar to the reasoning of other courts in this circuit that have faced similar questions.  *See Castleglen, Inc. v. Commonwealth Sav. Ass'n*, 118 F.R.D. 515, 517 (D. Utah 1988) ("[W]hen plaintiff avers the capacity of a party that averment must be correct.  Therefore, plaintiff cannot bring suit against Neal Christensen, as an individual, when the suit is directed against Neal Christensen as trustee.").  Thus, the Court is not persuaded that Plaintiff has demonstrated a manifest error of law in this portion of the Prior Order.

Plaintiff's remaining arguments regarding good cause (ECF No. 91 at 9) and lack of prejudice to Defendant (*id.* at 11) were already argued in its Motion to Amend.  (*See* ECF No. 85 at 7–9.)  Further, the Plaintiff does not meaningfully engage with the Court analysis of these issues in the Prior Order, and the Plaintiff does not cite caselaw that persuades the Court that the Prior Order contained a manifest error of law or fact.  (*See* ECF No. 91 at 9, 11.)[2] [3]

---

[1] Plaintiff cites cases in the context of reciting broad legal standards but does not cite cases relevant to the particular circumstances presented by this case.  (*See* ECF No. 91 at 4–8, 10.)

[2] Plaintiff argues that it is entitled to relief under Federal Rule of Civil Procedure 60(b). (ECF No. 91 at 2–3, 10.)  But Rule 60 is not relevant here because the Prior Order is not a final judgment.  A final decision is one that "'leaves nothing for the court to do but execute the judgment .'"  *Albright v. UNUM Life Ins. Co.,* 59 F.3d 1089, 1092 (10th Cir. 1995) (quoting *Catlin v. United States,* 324 U.S. 229, 233 (1945)).  The Prior Order did not resolve all the issues in this case because the liability of Defendant Brett A. Bozeman, Successor Trustee of the Bear Claw Qualified Personal Residence Trust, is yet to be determined.

[3] Plaintiff briefly mentions the collateral order doctrine.  (ECF No. 91 at 2–3.)  But Plaintiff fails to provide any substantive argument related to this doctrine.  Plaintiff does not request that the Court certify a specific question for review by the Tenth Circuit under 28 U.S.C. § 1292(b). Therefore, the Court finds that Plaintiff waived this argument.  *United States v. Hunter*, 739 F.3d 492, 495 (10th Cir. 2013) (cursory argument not meaningfully developed by any analysis is

## IV. CONCLUSION

For the reasons discussed above, Plaintiff National Surety Corporation's Motion for Relief from the Court's Order Denying Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 91) is DENIED.

Dated this 30th day of March, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge

---

deemed waived).