**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 20-cv-1187-WJM-GPG

NATIONAL SURETY CORPORATION,

    Plaintiff, and

STATE FARM FIRE & CASUALTY COMPANY,

    Intervenor-Plaintiff,

v.

BRETT A. BOZEMAN, successor trustee of the Bear Claw Qualified Personal Residence Trust,

    Defendant.

---

## ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

---

This case is a subrogation action brought by Plaintiff National Surety Corporation ("National Surety") and Intervenor-Plaintiff State Farm Fire & Casualty Company ("State Farm") against Defendant Brett A. Bozeman, successor trustee of the Bear Claw Qualified Personal Residence Trust. (ECF No. 23 at 4–7; ECF No. 31-1 at 3.) The case arises from a fire that occurred on July 17, 2018, at the Bear Claw II condominium building in Steamboat Springs, Colorado.

This matter is before the Court on Defendant's Motion for Summary Judgment ("Motion"). (ECF No. 46.)[1] National Surety filed a response to the Motion (ECF No. 48),

---

[1] The Motion was originally filed by Beth S. Bozeman on March 2, 2021. (ECF No. 46.) On August 20, 2021, counsel for Beth S. Bozeman notified the Court under Federal Rule of Civil Procedure 25(a) that she died on July 27, 2021. (ECF No. 70.) On December 22, 2021, Defendant Brett A. Bozeman was substituted for Beth S. Bozeman as successor trustee of the

to which Defendant replied (ECF No. 58). State Farm also filed a response to the Motion (ECF No. 57), to which Defendant replied (ECF No. 60). For the reasons explained below, the Motion is denied.

## I. STANDARD OF REVIEW

Summary judgment is warranted under Federal Rule of Civil Procedure 56 "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986). A fact is "material" if, under the relevant substantive law, it is essential to the proper disposition of the claim. *Wright v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001). An issue is "genuine" if the evidence is such that it might lead a reasonable trier of fact to return a verdict for the nonmoving party. *Allen v. Muskogee*, 119 F.3d 837, 839 (10th Cir. 1997).

In analyzing a motion for summary judgment, a court must view the evidence and all reasonable inferences therefrom in the light most favorable to the nonmoving party. *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). In addition, the Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial. *See Houston v. Nat'l Gen. Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

If, after considering the evidence in the light most favorable to the nonmoving party, the court finds that no rational jury could find in favor of that party, a grant of summary judgment is appropriate. *Scott v. Harris*, 550 U.S. 372, 380 (2007) (citing *Matsushita*, 475 U.S. at 586–587).

---

Bear Claw Qualified Personal Residence Trust. (ECF No. 84.)

## II. BACKGROUND[2]

### A.  The Fire

On July 17, 2018, a fire broke out in a dryer in a small closet of Unit 508 of a condominium located at 2024 Ski Trail Lane, Steamboat Springs, Colorado.  (ECF No. 46 ¶ 1.)  At the time of the fire, the Bear Claw Qualified Personal Residence Trust owned Unit 508.  (*Id.* ¶ 13.)  The fire quickly spread and caused extensive damage to the common elements of the condominium building.  (*Id.* ¶ 3.)

National Surety alleges that it paid damages caused by the fire on behalf of its insured, the Bear Claw II Condominium Association (the "Association"), and that it is now subrogated to that portion of the insured's claims against Defendant.  (*Id.* ¶ 2.)  National Surety brings claims of negligence, gross negligence, and breach of contract against Defendant.  (ECF No. 23 at 4–7.)

State Farm alleges that it paid damages caused by the fire on behalf of its insured, Richard Alessi, owner of Unit 308 in the same condominium complex.  (ECF No. 46 ¶¶ 7–8.)  State Farm is subrogated to its insured's claims against Defendant and brings a negligence claim against Defendant.  (*Id.* ¶¶ 9–10.)

### B.  Contracts and Agreements at Issue

National Surety and State Farm agree that the Condominium Declaration for Bear Claw II Condominiums (the "Declaration") applies to the Association and the condominium unit owners.  (*Id.* ¶¶ 6, 11.)  The Declaration provides, as relevant here,

---

[2] The following factual summary is based on the parties' briefs on the Motion and documents submitted in support thereof.  These facts are undisputed unless attributed to a party or source.  All citations to docketed materials are to the page number in the CM/ECF header, which sometimes differs from a document's internal pagination.

that the "Board of Directors of the Association shall, on behalf of the owners, keep all buildings . . . and all improvements on the common elements insured at all times against loss or damage by fire." (ECF No. 46-2 at 18.) And such insurance "shall be carried in the name of the Association, and in favor of the owners and all first lienors, as named and identified in the records maintained by the Association. . ." (*Id.* at 19.) The Declaration also provides that:

> The Board of Directors shall make every reasonable effort to obtain policies of casualty insurance providing or containing the following provisions or endorsements: . . . (v) the insurer waives its right of subrogation as to any claims against each unit owner.

(*Id.* at 20.)

The Association obtained an insurance policy from National Surety, which includes a section that affirms National Surety's right to subrogation but also states that the Association "may waive [its] rights against another party in writing . . . [p]rior to [its] loss of Covered Property or Covered Income." (ECF No. 46-4 at 3.)

### III. ANALYSIS

Defendant argues that the language of the Declaration waives any subrogation rights that National Surety or State Farm claim to have. (ECF No. 46 at 9–18.) If that were the case, summary judgment would be appropriate because all of Plaintiffs' claims are rooted in subrogation.

Defendant's argument focuses on one section of the Declaration which states: "The Board of Directors shall make every reasonable effort to obtain policies of casualty insurance providing or containing the following provisions or endorsements: . . . (v) the insurer waives its right of subrogation as to any claims against each unit owner." (ECF No. 46-2 at 20.) Defendant's argument that this language constitutes a waiver relies

4

almost entirely on his interpretation of *Universal North American Insurance Company v. Bridgepointe Condominium Association, Inc.*, 195 A.3d 543 (N.J. Super. Ct. 2018). (ECF No. 46 at 9–18.)  In *Universal*, a New Jersey court found that an insurer's right to pursue subrogation was waived because the insured was bound by the condominium's by-laws which required that unit owner's insurance policies "shall contain waivers of subrogation."  *Universal*, 195 A.3d at 551.

But here, unlike the insured in *Universal*, the Association was not required to purchase insurance that waived subrogation; rather, the Association was only required to make "reasonable efforts[s]" to obtain insurance with a provision that waives subrogation.  Thus, the Court finds that the reasoning of *Universal* does not apply to the circumstances presented by this case.

Besides, this dispute is governed by Colorado Law, not by New Jersey law.  And the Colorado Supreme Court has explained what is required for effective waiver:

> Waiver is the intentional relinquishment of a known right or privilege.  A waiver may be explicit, as when a party orally or in writing abandons an existing right or privilege; or it may be implied, as, for example, when a party engages in conduct which manifests an intent to relinquish the right or privilege, or acts inconsistently with its assertion. Although an intent to waive a benefit may be implied by conduct, the conduct itself should be *free from ambiguity and clearly manifest the intention not to assert the benefit.*

*Dep't of Health v. Donahue*, 690 P.2d 243, 247 (Colo. 1984) (citations omitted) (emphasis added).

In its response to the Motion, National Surety argues that the Declaration did not constitute a waiver because it only requires the Board of Directors to make "reasonable efforts to obtain" a policy with a waiver of subrogation, thus, it allows for some discretion and cannot be read as a clear waiver.  (*Id.* at 10–11.)  Further, National Surety argues

5

that other parts of the Declaration show that the document, as a whole, does not contemplate a waiver of the Association's right to sue unit owners for negligence. (*Id.* at 8–9.) For example, Section 7 of the Declaration provides:

> Each condominium unit owner shall pay all costs of repairing any damage to or replacing the general common elements (including the limited common elements), or to any condominium unit other than his own, resulting from the intentional act or negligence of such owner.

(ECF No. 46-2 at 14–15.)

National Surety has the better argument. The Court finds that there has been no waiver of National Surety's or State Farm's right to subrogation or of the Association's right to sue unit owners. The language of the Declaration—specifically, the paragraph requiring its Board of Directors to make "reasonable efforts to obtain" an insurance policy which includes a provision that waives the insurance companies right to subrogation—does not constitute a waiver under Colorado law because it does not clearly manifest the intention to relinquish a right. *Donahue*, 690 P.2d at 247.

Defendant also argues that the Declaration constitutes a written waiver of the Association's rights against unit owners such that it triggers the provision in the National Surety insurance policy which permits the Association to "waive [its] rights against another party in writing . . . [p]rior to [its] loss of Covered Property or Covered Income." (ECF No. 46 at 15–16 (quoting ECF No. 46-4 at 3).) The Court find this argument unavailing for the same reasons discussed above.[3]

---

[3] Defendant and National Surety also present arguments about whether a claim of gross negligence can proceed even if there has been a waiver of subrogation rights. (ECF No. 46 at 18–19; ECF No. 48 at 13.) Having found that there was no waiver here, the Court need not address this issue.

6

## IV. CONCLUSION

Therefore, given the foregoing, the Court ORDERS that Defendant Brett A. Bozeman's Motion for Summary Judgment (ECF No. 46) is DENIED.

Dated this 30th day of March, 2022.

BY THE COURT:

_____
William J. Martinez
United States District Judge